IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL L. LICATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 16-1323-JWL |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 25) pursuant to the Social Security Act, 42 U.S.C. § 206(b). Plaintiff's motion is GRANTED, approving fees in the amount of $14,957.75 pursuant to the Social Security Act.

**I.      Background**

Plaintiff filed a claim in this court on August 12, 2016, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc 1). On

---

1 On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

June 27, 2017 this court reversed the Commissioner's decision and remanded for further proceedings. (Doc. 21). On remand, the Commissioner issued a fully favorable decision on October 12, 2018, and withheld $14,957.75 for attorney fees, if approved, before this court. (Doc. 26, Attachs. 3, 6). This court granted attorney fees of $6,900.00 pursuant to the Equal Access to Justice Act (EAJA). (Doc. 24). Plaintiff now seeks award of attorney fees of $14,957.75 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.
>
> 42 U.S.C. § 406(b)(1)(A) (emphasis added).

The Supreme Court, in <u>Gisbrecht</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 206(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee. Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. <u>Gisbrecht</u>, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. <u>Id.</u> 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate. <u>Id.</u>

**III.  Discussion**

Here, plaintiff's attorney submitted an affidavit in which he asserted that his usual billing rate for cases which are not complex and are not contingent is $300.00 per hour. (Doc. 26, Attach 5). Counsel also provided a statement of the time expended on plaintiff's case showing 38.55 hours of work representing plaintiff before this court. <u>Id.</u>

The Commissioner responded without objection to plaintiff's motion. (Doc. 27). He noted however that attorney fees were awarded pursuant to the EAJA and that plaintiff's counsel must refund the lesser of the two fees to plaintiff. <u>Id.</u>

The court finds that the fee is reasonable and is within the range of fees allowed by courts within this district and the Tenth Circuit. <u>See</u> Doc. 26 at pp.2-3 (citing cases

3

approving effective hourly fees ranging between $258.63 to $432.02). A fee of $14,957.75 derived from 38.55 hours of work results in an hourly rate of $388.00, comfortably within the range of rates cited. When considering the contingent nature of the fee, counsel's ability to secure benefits retroactive for several years, and that counsel is not responsible for any inordinate delays in this case, the court finds the fee reasonable.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b)(1) the Commissioner shall pay plaintiff's counsel the sum of $14,957.75 from plaintiff's past due benefits. Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $6,900.00, shall be refunded to plaintiff.

Dated October 16, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum
United States District Judge**